UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKIE WARREN DEMIJOHN,

        Plaintiff,              Case Number 05-10322
                                                Honorable David M. Lawson
v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REVERSING THE COMMISSIONER'S FINDINGS, AND REMANDING FOR AN AWARD OF BENEFITS**

The plaintiff filed the present action on December 15, 2005, seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award her benefits or in the alternative remand the matter for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision. Magistrate Judge Binder filed a report and recommendation on July 12, 2006 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion be denied, the findings of the Commissioner be reversed, and the matter be remanded for an award of benefits. The defendant filed timely objections to the report and recommendation, to which the plaintiff has responded, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the defendant's objections and the plaintiff's response thereto, and has made a *de novo* review of the administrative record in light of the parties' submissions. The magistrate judge concluded that the administrative law judge (ALJ) committed error at step 3 of the familiar five-step sequential analysis by concluding that the plaintiff's severe impairments did not meet or equal a listing in the Secretary's regulations. Alternatively, the magistrate judge stated that the medical findings regarding the plaintiff's juvenile diabetes and complications from it "fatally undercut the residual functional capacity assessment made by the ALJ." R&R at 17. As to these parts of the report, the defendant makes four objections. First, she believes that the magistrate judge improperly usurped the Commissioner's role by rejecting the ALJ's determination that the severity of the plaintiff's diabetes neither met nor equaled a listing in the regulations. That decision, the defendant contends, is one properly reserved to the Commissioner's sound judgment based on medical findings, which includes consideration beyond simply the nature and severity of impairments, the basis upon which the magistrate judge recommended reversal. Second, the defendant asserts that the plaintiff's subjective complaints of pain are insufficient to establish a listings-level impairment and that the bilateral shoulder pain highlighted by the magistrate judge clearly related to a car accident and could not fairly be attributed to the plaintiff's diabetes. Third, the defendant claims that the magistrate judge should have accepted the ALJ's finding that the plaintiff's complaints of pain were not credible because the ALJ carefully considered the objective medical evidence and his finding must stand undisturbed. Finally, the defendant insists that remand for an award of benefits is not proper, and the case more appropriately should be remanded for further factual development.

The plaintiff, Jackie Warren Demijohn, presently forty-eight years old, applied for a period of disability and disability insurance benefits on December 2, 2002 when she was forty-five years old. The plaintiff earned a master's degree in counseling and had worked as a therapist, counselor, and dispatcher. The plaintiff last worked on November 7, 2002, the date she alleges she became disabled as a result of diabetes, vision problems, depression, right shoulder problems, and fatigue. The plaintiff has a history of medical problems including injuries resulting from a car accident that occurred in 1979, type I diabetes mellitus since age seven, and complications from diabetes including bilateral retinopathy requiring laser treatment, peripheral neuropathy, and depression. She attempted treatment for her diabetes by pancreatic eyelet cell transplantation, which was rejected. She also applied for and was considered a candidate for a pancreas transplant, but ultimately her application was refused. At the time of the administrative hearing, the plaintiff had an implant for an insulin pump. Doctors also have diagnosed osteoarthritis, fibromyalgia, and carpal tunnel syndrome.

In her application for disability insurance benefits, the plaintiff alleged that he was unable to work due to diabetes, vision problems, depression, right shoulder problems, and fatigue  On February 2, 2005, the plaintiff, then forty-seven years old, appeared before ALJ Thomas L. Walters, who filed a decision on June 22, 2005 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since November 7, 2002, the alleged disability onset date (step one); the plaintiff suffered from depression, which he found was not severe, and from substantial impairments consisting of diabetes, retinopathy, neuropathy, and carpal tunnel syndrome, which were "severe"

within the meaning of the Social Security Act (step two); the plaintiff did not have an impairment or combination of impairments that met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work, which was found to be skilled and semi-skilled and required exertion at the sedentary and light levels (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a range of unskilled work at the light exertional level.  The ALJ found that the plaintiff did not have the capacity to perform work that involved repetitive pushing, pulling, gripping or grasping, the use of air or vibration tools, exposure to dangerous machinery or unprotected heights, or overhead tasks requiring the use of her right upper extremity.  Relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy that fit within these limitations including work as a general office clerk, collator operator, and hostess.  Based on that finding and using the Medical Vocational Guidelines (the "grid rules") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, section 202.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on December 2, 2005.

The ALJ's discussion of step 3 of the sequential analysis was perfunctory.  He simply stated that "the claimant has diabetes, retinopathy, neuropathy, and carpal tunnel syndrome, impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal either singly or in combination to one of the listed impairments."  Tr. at 22.  There was no citation to any particular listing, nor was there a discussion of the elements of any listing in light of the medical evidence.

The magistrate judge reported that the plaintiff's medical condition met Listing 9.08, which deals with diabetes. The Listing prescribes a finding of disability for a person suffering from diabetes mellitus "[w]ith [n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 9.08A. The regulation makes reference to section 11.00C, which states:

> Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral cerbellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combination, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00C.

In this Circuit, in order to qualify as "disabled" under a Listing in the Secretary's regulations, a claimant must demonstrate that he or she meets all of the criteria contained in the Listing. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir.1986). Alternatively, "[a] claimant can demonstrate that she is disabled because her impairments are equivalent to a listed impairment by presenting 'medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). In either case, "[t]his decision must be based solely on medical evidence supported by acceptable clinical and diagnostic techniques." *Land v. Secretary of Health and Human Servs.,* 814 F.2d 241, 245 (6th Cir.1986) (citing 20 C.F.R. § 404.1526(b)).

The medical evidence summarized by the magistrate judge demonstrates that the plaintiff meets Listing 9.08A because she plainly suffered from diabetes with peripheral neuropathy, and she

experienced paresis (disorganization of motor function) in two extremities. The defendant argues that a state agency physician opined that the plaintiff did not meet any listing, citing pages 164 through 171 of the administrative record. That part of the record, however, contains a physical residual functional capacity assessment and does not discuss any of the listings or even make reference to them. Moreover, the evaluator stated that he made the assessment without the benefit of a statement from a treating source as to the plaintiff's physical capabilities. *See* Tr. at 170. As the magistrate judge observed, Dr. El-Cid Tajon, the plaintiff's treating physician, reported that the plaintiff suffered from

> diabetes mellitus type I, for which she had pancreatic islet cell transplantation in 1998 and also bone marrow transplantation end eventual rejection in February 2000 and is currently now on an insulin pump. She has a history of cervical spondylosis, diabetes retinopathy, gastropathy, and neuropathy. She also has a history of osteoarthritis, fibromyalgia, depression, and also carpal tunnel syndrome on both hands. The patient has multiple joint pains in the right shoulder and numbness in both upper extremities and pains in the neck area and legs, as well as the back. The patient is on multiple medications, which include narcotics, like morphine sulfate and OxyContin.

Tr. at 222. Dr. Tajon wrote in January 2005 that the plaintiff "had problems with control of her blood sugar where she had erratic levels, sometimes low enough that she loses consciousness." Tr. at 247.

The defendant argues that Dr. Mark Goethe's report of February 10, 2004 amounts to a contrary medical finding. Although Dr. Goethe does state that the plaintiff "did not appear to have any gross motor deficit at the hand level," Tr. at 249, a reading of that statement in the context of the report reveals that Dr. Goethe found deficits throughout the rest of the extremity, and he found slightly diminished sensation in her hand "compatible with a diabetic peripheral neuropathy." *Ibid.*

She also "has a hard time writing at times." Tr. at 250. The Court does not find this report contradictory.

In addition, in October 2002, Dr. Leslie Schultz performed electrodiagnostic studies and found "(1) moderate median nerve entrapment at the wrists bilaterally (CTS), (2) ulnar motor neuropathy across the elbow segments, [and] (3) peripheral neuropathy with axonal and demyelinating features." Tr. at 206.

The medical evidence summarized by the magistrate judge is unrebutted and correlated with Dr. Tajon's clinical findings. The Court finds that the magistrate judge was correct in his conclusion that the plaintiff met Listing 9.08A, and the ALJ's conclusion that the plaintif did not meet a listing is not supported by substantial evidence.

Once the determination has been made that the Commissioner's decision is not supported by substantial evidence, the Court must decide whether further fact-finding is required. "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). *See also Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."). The Court agrees with the magistrate judge that no further fact finding is necessary in this case.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court agrees with the conclusion that substantial

evidence does not support the ALJ's determination that the plaintiff is capable of performing gainful activity.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 15] is **ADOPTED.**

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 10] is **GRANTED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 13] is **DENIED**. The findings of the Commissioner are **REVERSED**, and the matter is **REMANDED** to the Commissioner for an award of benefits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 23, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2006.

s/Felicia M. Moses
FELICIA M. MOSES