UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKIE WARREN DEMIJOHN,

                Plaintiff,                            Case Number 05-10322
                                                                    Honorable David M. Lawson
v.                                                                  Honorable Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 506(b)

This matter is before the Court on the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) and E.D. Mich. LR 54.2. The plaintiff, Jackie Warren Demijohn, prevailed in her Social Security appeal before this Court on October 23, 2006, and her attorney, John O'Grady, is now seeking $6,920.75 in attorney's fees to be paid from the award of past-due benefits. The Social Security Administration has withheld $8,165.00 – 25% of the award – pending approval of the attorney's fees by this Court. Neither the plaintiff herself nor the defendant objects to the requested award. However, the magistrate judge recommended that attorney's fees of only $2,503.26 should be approved because of his view that the balance of the amount sought by Mr. O'Grady is for services representing the plaintiff before the administrative tribunal. The magistrate judge reasoned that because the Sixth Circuit rejected the "single tribunal" rule that would authorize the Court to award attorney's fees for all stages of the plaintiff's representation, Mr. O'Grady must limit his request before this Court to the time spent in litigating the present action multiplied by the hourly rate deemed reasonable by the magistrate judge. The magistrate judge also conditioned his

recommendation to award fees on proof that the plaintiff was personally served with the motion, which has been verified.

The Court agrees with the magistrate judge that Mr. O'Grady cannot seek fees here for work done before other tribunals. However, for the reasons outlined below, the Court finds that O'Grady is entitled to more than the amount recommended by Judge Binder.

Whenever a claimant who was denied Social Security benefits by the agency prevails on appeal to the district court, the court may authorize an award of reasonable attorney's fees to the claimant's attorney "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment." 42 U.S.C. § 406(b)(1)(A). The statute authorizes the Commissioner of Social Security to "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Ibid.* The Social Security Administration's regulations authorize the agency to withhold 25% of the claimant's total past-due benefits for attorney's fee payment pending approval by the court. 20 C.F.R. § 404.1728(b).

By contrast, whenever a Social Security claimant prevails at the administrative level, the statute authorizes the Secretary to fix a "reasonable fee to compensate [the claimant's] attorney for the services performed by him in connection with [a successful] claim." 42 U.S.C. § 406(a)(1). The statute does not expressly limit the attorney's fees award to 25% of the recovery, as it does for fees earned in the district court.

Initially, the Sixth Circuit viewed this distinction as immaterial, concluding that the "tribunal that ultimately upholds the claim for benefits" should determine the reasonable fee and holding that a 25% cap applies to all attorney's fees across the board, regardless of which tribunal made the award. *See Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir. 1972), *overruled by Horenstein v.*

*Sec'y of Health & Human Servs.*, 35 F.3d 261 (6th Cir. 1994). However, the court later held that "each tribunal may award fees only for the work done before it," and the application of the cap on the attorney's fees varies depending on which tribunal awards those fees. *Horenstein*, 35 F.3d at 262. The court explained:

> [F]or services performed before the Secretary, the Secretary is free to set a reasonable fee, except as otherwise provided in the statute, *see* 42 U.S.C. § 406(a)(2)(A). For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits. Finally, in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

*Ibid.*

Mr. O'Grady does not challenge these principles. He does point out, however, that he entered into a 25% contingent fee agreement with his client and he kept her apprised of the progress of her case throughout the proceedings. The plaintiff herself does not object to the fee request.

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to rather high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The court of appeals recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Ibid.* (quoting *Royzer*, 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as *per se* reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Ibid.*

In this case, there is no suggestion that Mr. O'Grady behaved improperly or was ineffective. It appears that the obstacle to the magistrate judge awarding the total fee requested was his concern that it would amount to a windfall. In *Hayes*, the court of appeals determined that a windfall does not occur when, "in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422 (footnote omitted). "A calculation of a hypothetical hourly rate that is twice the standard rate . . . provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for 'minimal effort expended,' the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Ibid.*

In this case, Mr. O'Grady submitted the fee agreement with his client calling for 25% of the recovery, plus copies of his itemized billing records. Based on these records, the magistrate judge determined that a request for $6,920.75 for 44.65 hours of service yields an "effective hourly rate" of $155 per hour, which he found to be reasonable. O'Grady does not object to the finding that the

rate is reasonable. Based on the difficulty of the task and counsel's experience in this area, the Court agrees that the rate is patently reasonable and is well within the range of prevailing market rates for Social Security appeals in Michigan. *See Hayes*, 923 F.2d at 420 (stating that hourly rates of $175 to $180 were approved by the Secretary as reasonable as long ago as 1989).

However, the magistrate judge recommended that the fee award be limited to the hourly rate multiplied by 16.15 hours, which represented the time spent on the appeal to district court. It is true that counsel may not recover from this Court fees for work performed before the administrative agency. But the magistrate judge's recommendation ignores the nature of the contingent fee agreement and the task of this Court in approving fees requests, which is simply to award a reasonable fee within the framework of the statute. As noted, the statute condones contingent fees, which are useful devices to promote access to the courts. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 738-739 (1987) ("From the public's standpoint, the contingent fee helps equalize the access of rich, middle-class, and poor individuals to the courts by making attorney decisions concerning representation turn on an action's merits rather than on the size of a client's income.") (quoting *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 685 (N.D. Cal.1974), *aff'd*, 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds*, 436 U.S. 547 (1978)). Guided by the precedent cited above, a 25% contingent fee is presumed reasonable absent the prospect of a windfall.

Under *Hayes*, a windfall does not occur if the fee is equal to or less than twice the reasonable hourly rate as determined by the market. Mr. O'Grady has not offered any evidence of the market rate for practitioners in his field or geographic area. However, as noted above, the reasonableness of a $155 hourly rate is beyond dispute. Twice that rate is $310; when multiplied by the time spent

on the appeal to this Court, a fee of $5,006.50 would not constitute a windfall. Although there may well be reasons for awarding a fee in excess of twice the hypothetical hourly rate, O'Grady has not offered any such justification. Consequently, a fee equal to twice the hypothetical hourly rate (which still is below 25%), is deemed reasonable.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #29] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) and E.D. Mich. LR 54.2 [dkt #25] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that attorney's fees under 42 U.S.C. § 406(b) and E.D. Mich. LR 54.2 are **APPROVED** in the amount of $5,006.50.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 14, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 14, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO

---